## Ira Bean, Adm'r. *versus* Calvin Bumpus.

No notice is required by the Rev. St. c. 106, prior to the granting of administration on an intestate's estate if it be granted, " to the widow, husband, next of kin, or husband of the daughter of the deceased, or to two or more of them.

By the Rev. Stat. c. 105, the Judge of Probate has no jurisdiction, and cannot grant administration, if it does not appear to his satisfaction, "that there is personal estate of the deceased, amounting to at least twenty dollars, or that the debts due from him amount to that sum; and in the latter case, that he left that amount, in value, of real estate."

If a female, while under guardianship as a minor, marries, and afterwards *dies, and the husband is appointed administrator of her estate, the guardian* must pay over to the administrator the money of the minor which had remained in his hands until after her decease, even although he might be entitled to receive it, on a distribution, as her heir at law.

If a *widow, entitled to dower in the real estate of her late husband, as* guardian to her daughter, a minor, under license from Court, sells the right, title and interest of the minor in the same real estate, and the full value of the land is bid therefor, and received by the guardian, under the supposition that the right of dower passed by the deed, the Court of Probate cannot, on the settlement of the guardianship account, order the value of the dower to be deducted from the amount the guardian is to pay over to the minor or her representatives.

Appeal from a decree of the Judge of Probate.

Ebenezer Smith died April 1, 1828. On Sept. 22, 1831, Deborah Smith, his widow, was appointed guardian to Polly Smith, a minor daughter of said Ebenezer and Deborah, and at the Oct. Term of the S. J. Court, 1832, petitioned for license to sell the real estate of the minor to be put at interest for her benefit, stating in her petition, that she was the widow of Ebenezer Smith, and "guardian to Polly Smith, a minor aged ten years, and the only child and heir at law to the said Ebenezer Smith who died intestate," and that at the time of his death he "owned a small farm on which he resided." License was granted, and on Jan. 26, 1833, the guardian sold all the right, title and interest, of the minor in the real estate, and for the consideration of $850, made a deed thereof to the purchaser wherein she recited her appointment as guardian, license and proceedings, and covenanted in this manner. "And I do

further in the capacity aforesaid, covenant with the said S. B. his heirs and assigns, that the premises are free of all incumbrances ; and that I will warrant, secure and defend the same to him, the said S. B. his heirs and assigns forever against the lawful claims and demands of all persons." On March 19, 1833, Deborah Smith, the guardian, was married to Calvin Bumpus, the appellant ; and on Sept. 17, 1833, Bumpus was appointed guardian to Polly Smith, the minor. On December 20, 1840, Ira Bean was married to the said Polly Smith. Afterwards Polly, the wife of Ira Bean died, and he took administration on her estate, the precise time not appearing, nor whether there was any order of notice before granting administration, and on Aug. 1842, made a petition to the Judge of Probate, requesting that the guardian should be cited into Court to settle his account, and that the balance thereof might be paid over to him, as administrator, or in his own right as the owner of the property by virtue of the marriage. Bumpus settled his account as guardian in November, 1842, the balance of which found due was $963,83. In this account Bumpus credited the whole amount of interest on the proceeds of the sale of the real estate, and charged, and was allowed one third part of the interest thus credited, as " being the income of my wife's part of proceeds of sale of the farm." The decree of the Judge of Probate was, " that the said Calvin Bumpus pay over the amount of said estate now remaining in his hands to said petitioner, administrator on said estate, to be administered upon pursuant to law." Bumpus appealed to the Supreme Court of Probate, and filed the following reasons of appeal.

1. Because the property and money in the hands and possession of said Calvin, being the balance of his guardianship account aforesaid, were never in the hands and possession of the said Polly in her lifetime, nor in the hands and possession of her said husband, nor any part thereof ; nor were the same or any part thereof ever demanded of said Calvin by said Polly, or her said husband, or by any other person or persons for them or either of them, in the lifetime of said Polly ; and that said Polly did not die possessed of the same or of any right or in-

terest therein, so as to vest the same or any right thereto in him, the said Bean; and that the same in fact consisted of mere choses in action, never reduced into possession by said Bean.

2. Because the said Polly died on the   day of July, A. D. 1841, under the age of twenty-one years, leaving no children or issue, nor father, nor brother, nor sister living at the time of her death, but that said Polly did leave a mother living at the time of her death, viz. Deborah Bumpus, the wife of said Calvin Bumpus, to whom, it is insisted, the property aforesaid did descend upon the death of said Polly, as her sole heir.

3. Because said Polly died free from all debt; that said property is not wanted to pay any debt or charge whatsoever; and that if said Calvin were to pay the same over to said Bean, he insists, that said Bean would be bound by law to pay the same back to him, the said Calvin, as husband of the only heir to said Polly; and that to prevent circuity of action, said decree ought not to have passed; but that the decree in the premises should have been, that said Bean take nothing by his said petition.

4. Because the decree aforesaid does not decide all the matters and things embraced in said petition, and especially does not decide to whom the absolute property in the balance of said guardianship account does lawfully belong.

5. Because the administration aforesaid is void, it having been granted without notice to any person or persons; and without property, goods or estate, whereon the same could legally operate.

6. Because said decree is erroneous and altogether against the law of the case.

The arguments were in writing.

S. Emery, for the appellant, contended that the decree of the Judge of Probate ought to be reversed; and argued in support of the positions taken in the reasons of appeal.

And he insisted that in no view of the case, should the whole balance be decreed to be paid over to the administrator, because a portion of it belonged to Mrs. Bumpus, being the

proceeds of the sale of her right of dower in the premises; and because Mrs. Bumpus was entitled to another portion of it as an heir to a posthumous child, which he said was born a few days after the death of Ebenezer Smith, and lived a day, and then died. He cited Rev. Stat. c. 105, § 39 and 33.

*R. Washburn*, for Bean, contended that the property in the hands of the guardian arose from the sale of the estate of the wife of the appellee, and came into the hands of the guardian. On her decease the guardian is bound to pay it over to her administrator, to be then distributed according to law. Had she never been married, the decree would still have been right.

No notice is required to be given prior to the appointment of an administrator, when the person appointed is entitled to it by law; and the practice is universal, not to give notice in such cases.

But on the marriage the whole personal property of the wife became vested in the husband. And if any part had not been reduced to possession if he survived her, he could as administrator of his wife collect it, and retain it for his own use. 2 Kent, 109, 113, 114, 115; Rev. Stat. c. 93, § 15 and 16.

He denied, that there was any posthumous child, and referred to the petition of the widow herself for the license to sell this estate, wherein she alleged that Polly was the only child and heir, and entitled to the estate.

The right of Polly Smith, only, was sold in the real estate, and if the widow has not cut herself off from dower by the covenants in her deed, she may still have it assigned to her. The appellee is, however, willing that she should have secured to her one third part of the income of the property during her life.

The opinion of the Court was drawn up by

TENNEY J. — The appellant married the widow of Ebenezer Smith, deceased, and was the guardian of Polly Smith, his daughter, at the time of her intermarriage with the appellee, who on her death took administration of her estate. He now claims to receive from the appellant the goods and effects of

his late wife, after deducting the guardian's account, which has been allowed. This claim is resisted upon the grounds set forth particularly in the reasons assigned for the appeal from the decree of the Judge of Probate, which was, that he pay over the amount of the estate remaining in his hands to the appellee, the administrator of said estate, to be administered upon according to law.

It is insisted that the Judge of Probate had no authority to grant administration at the time it was done, and that the same is void. 1st. Because notice that the appointment was to be made, was not previously given; and 2d. Because there was no property, goods or estate whereon the same could legally operate. The Judge of Probate is required to grant administration of intestate estates to the widow, husband, next of kin, or husband of the daughter of the deceased, or two or more of them as he shall think fit, if he be of the age of twenty-one years and in other respects, in his opinion, is suitably qualified for the trust. Rev. Stat. c. 106, § 1. No notice is required to be given previous to the appointment of either of the persons named in the section referred to; and we believe it has not been the practice with Judges of Probate to give such notice. If other persons, however, are appointed to the trust, those who are first entitled to letters of administration, if suitably qualified, are required to be cited by the Judge of Probate previous to such appointment. § 2.

The Judge has no jurisdiction, so that he can grant administration, if it does not appear, to his satisfaction, " that there is personal estate of the deceased, amounting to at least twenty dollars; or that the debts due from him amount to that sum." Rev. Stat. c. 105, § 39; *Chapin & ux.* v. *Hastings & al.* 2 Pick. 361. Here, however, we have evidence furnished by the appellant, now matter of record, that there was personal estate of the deceased of much greater amount. His accounts as guardian settled from time to time during the life of the ward, and the one presented and allowed after her death, distinctly show this.

Administrators are required to be under bonds, among other things, to make out within three months an inventory of all the goods, chattels, rights and credits of the deceased, which have come to his possession or knowledge; and to administer the same according to law.  Rev. St. c. 106, § 3.  The duties imposed upon administrators clothe them with power to perform them.  They are authorized to take into possession every species of property which the law requires them to administer; and if any is withheld, to compel by legal process the surrender thereof.  All the personal property of intestates go to administrators, while real estate passes to the heirs.  Whatever personal property there was in the hands of the appellant, as guardian, belonging to his ward, he was bound to deliver, on legal demand, to the administrator of her estate, that the same might be administered upon.  After a full administration shall be made, the residue, if any, will pass to the heir or heirs.  If the wife of the appellant be the sole heir, he has no right to withhold the goods from the administrator, on the assumption, that there are no liabilities against the estate, and so that it will eventually come entire to his wife.

It is unnecessary here to consider the question whether the appellee can take and hold the property to his own use by virtue of his marriage with the deceased.  The decree of the Judge of Probate was not founded upon such supposed right, and is not therefore subject to objection.  Neither is it material to determine who is the heir at law of the deceased, for upon the present controversy that determination could have no operation.  The Rev. Stat. c. 93, § 15 and 16, however, would seem to leave little or no occasion to present that question.

The property in dispute arises from the income of the real estate, of which Ebenezer Smith died seized, and the avails of the sale of the same, and interest on the whole.  His widow, while sole, under a license from this Court, sold the real estate of her late husband, she being at the time the guardian of Polly, his daughter.  It is insisted by the appellant that a portion of the proceeds of the sale belong to him, inasmuch as his wife was entitled to dower in the real estate sold.  She

was licensed to sell only the real estate of said Polly Smith, and she sold only the right, title, and interest of her ward, as appears by her deed as guardian. She did not convey by said deed her life estate, the right to which can still be asserted, unless the covenants in her deed shall operate as an estoppel. If the value of the whole real estate was actually received, under the belief that it all passed, and was not subject to the widow's dower, the offer, which is made by the appellee to secure to the appellant one third part of the income of the proceeds of the sale, would be no more than justice requires; if this offer is not accepted, we feel certain that no power is lodged with this Court, on this appeal, to decree any portion thereof to him or to his wife as the widow of said Smith.

If there was a posthumous child of said Smith who lived but a few hours, that child was entitled to a share of his estate, and it vested in that child at the birth; and on its death that share would belong to whoever was the heir of that child. But this is a fact, which is not admitted or proved, and if it were competent for us to give any opinion as to rights, which would exist in consequence of such a fact, if established, we should be unwilling to do so, where the whole previous proceedings of the appellant who now alleges it, were inconsistent therewith.

*Decree of the Judge of Probate affirmed with costs.*