20   775
d109 195

No. 148.—ALEXANDER JOHNSTON, plaintiff in error, vs. BENJAMIN F. TATUM, defendant in error.

[1.] If the Ordinary uses all the means within his power to get some person to apply for letters of administration on an estate, and he fails to get any one to apply for such letters, he may force the office of administrator upon the Clerk of the Superior Court: and such Clerk will be bound to serve the office, whether willing to do so or not.

Mandamus.    Lincoln Superior Court.    Decision by Judge JAMES THOMAS, April Term, 1856.

This was an application by the Ordinary of Lincoln County to the Judge of the Superior Court, to compel the Clerk of the Superior Court to take the administration of an unadministered estate, where no person would apply for or accept the same. The Court granted the order desired, and this decision is assigned as error.

REESE, for plaintiff in error.

T. W. THOMAS, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] It seems that in this case, the Ordinary, after having employed in vain all the means within his power to get some person to apply for letters of administration on the estate, appointed the Clerk of the Superior Court the administrator.

The Clerk having refused to accept the office the question is, whether the appointment was good—whether he can be compelled to perform the duties of the office.

This question depends upon what is the meaning of a part of the Act of 1852, "to carry into effect the amended Constitution of this State, and for other purposes."

This second section of that Act declares, "that in all cases. where any estate is now, or shall be, unrepresented, either in the first instance, by the failure of any person to apply for letters of administration, &c. &c. "it shall be the duty of the Ordinary to vest the administration or guardianship of such estate either in the Clerk of the Superior or Inferior Court of the County, or in any other person or persons residing in said county whom he shall deem fit and proper for such administration, in his discretion—requiring bond and security as in other cases."

We think that the meaning of this part of the Act is, that the Ordinary is to have power, in such a case as the present, to make the Clerk of the Superior Court administrator, even

against the will of such Clerk.    The words can hardly be made to give any other meaning.

In support of this view, much of what is contained in the fourth section of the Act, may be also relied on.

We therefore say, that in our opinion the Ordinary may, in such a case as the present, force the office of administrator upon the Clerk of the Superior Court of the county, against the will of the Clerk.

What is to be the effect of an inability in the Clerk to give the bond, is a question not made; and therefore, one not decided.

Nor do we decide whether, if the Clerk, when appointed, refuses to serve the office, the remedy against him is by *man-damus*.   The Connsel for the plaintiff in error desired us to decide only the question which we have decided, professing a willingness that the judgment might be affirmed if that question were decided against him.   That having been decided against him, we affirm the judgment.