No. 2.—Leroy Patillo, plaintiff in error, *vs.* John Barksdale, defendant in error.

A citizen of Alabama died leaving no property of any sort in Georgia.
*Held,* That the Courts of Ordinary of Georgia, had no power to grant letters of administration on his estate.

Revocation of Letters of Administration, in Walton Superior Court.   Decision by Judge Jackson, at February Term, 1857.   Appeal from Ordinary.

Peter Stubblefield, formerly a citizen of Georgia, removed to the State of Alabama, where he died.

Patillo vs. Barksdale.

Letters of administration on his estate were granted by the Court of Ordinary of Walton county in the State of Georgia, to Leroy Patillo. It was admitted that the deceased left no property or effects in the State of Georgia, and that at the time of his death he was a citizen of Alabama, and that the object of obtaining administration in Georgia, was to enable the administrator, under the Judiciary Act of 1799, to establish a copy of a lost deed, executed by said Stubblefield, while in life.

The Ordinary of Walton county, on motion of John Barksdale, by his attorney, granted a *rule nisi*, requiring Patillo to show cause why his letters of administration should not be revoked, upon the grounds—

1st. Because, at the time of his death, Peter Stubblefield did not reside in the county of Walton.

2d. Because at the time of his death, said Peter had no assets in the county of Walton.

3d. Because, the Court which granted the letters of administration, had no jurisdiction.

4th. Because, citation neither issued nor was published as is required by law, prior to the appointment of the administrator.

5th. Because, Stubblefield was not possessed of assets in the State of Georgia, at the time of his death.

On appeal from the Ordinary, the Judge of the Superior Court, held, that no letters of administration could be legally granted upon the estate of deceased by the Ordinary of Walton county, and ordered and adjudged, that said letters be revoked and annulled.

To which decision and judgment, counsel for the administrator excepted.

C. D. DAVIS, for plaintiff in error.

HILLYER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Can the Courts of Ordinary of this State, grant letters of administration on the estate of a man, who, at the time of his death, was a citizen of another State, and who had no property of any sort within this State?

We think not.

It seems that no Ecclesiastical Court in England, had power to grant administration on the estate of a person, unless that person left *bona notabilia* within the province over which that Court had jurisdiction. 1. *Williams, Ex'ors* 160.

The largest grant of power given to our Courts of Ordinary, is one to do all such "matters and things as appertain, or relate to the estates of deceased persons." *Pr. Dig.* 239 ; *Id.* 231.

It would seem, therefore, that if there are no "*estates*," there can be no jurisdiction.

The duty of an administrator is, to "well and truly administer on all and singular the goods and chattels, rights and credits" (of the dead man,) "and pay all his just debts, as far as the same will extend." *Pr. Dig.* 227.

If, therefore, the dead man has no property of any sort, within the State, what duties can there be for an administrator to perform? In other words, what need can there be for an administration?

In this case, the object of obtaining letters of administration was to provide a way, not for asserting or establishing a right *in favor* of the dead man's representative, but for asserting and establishing a right *against* that representative.

We do not know of any law which gave the Ordinary the power to grant letters of administration in such a case as this is: and therefore, we think, that the judgment of the Court below ought to be affirmed.

                                        Judgment affirmed.