## MEDLOCK *et al. v.* MERRITT.

1. The next of kin of a deceased woman, claiming to be her heirs at law upon the theory that she died unmarried, may, whenever in a legal proceeding it becomes essential to the assertion of their rights, attack as void an alleged marriage between the deceased and another, on the ground that at the time the marriage ceremony was performed she was of unsound mind and mentally incapable of contracting marriage.

2. A judgment admitting a paper to probate in solemn form as a will is not binding upon heirs at law who had no notice of the application for such probate; and when, in defense to an action for land brought by such heirs, the alleged will is set up for the purpose of showing title thereunder in the defendant as a devisee, the plaintiffs may, without having previously set aside the judgment of probate in the court of ordinary, show that the same, because of a want of such notice, does not affect their rights in the premises.

3. It was the right of the plaintiffs to show by competent evidence that the alleged marriage was void, and that the alleged will was not binding upon them, on the ground and for the reason above stated, without amending their petition and specifically setting forth their contentions as to these matters.

4. An heir at law who is also a legatee under a will, and who receives and receipts for his legacy, can not call in question the validity of the will or its probate; and the same is true of an heir at law who by his own deed, duly executed upon a sufficient consideration, recognizes the existence and validity of the will.

5. This being a joint action for land brought by several plaintiffs, and the evidence showing conclusively that at least two of them were not entitled to recover, a verdict for the defendant was the inevitable legal result of the trial.

Argued June 8, 9, — Decided August 7, 1897.

Complaint for land. Before Judge Lumpkin. Fulton superior court. September term, 1896.

*Goodwin & Westmoreland, Hulsey & Bateman, W. W. Braswell* and *R. O. Lovett,* for plaintiffs.

*Candler & Thomson,* for defendant.

LUMPKIN, P. J.　On May 2, 1884, a marriage ceremony was solemnized between P. W. Merritt and Caroline Medlock. They lived together as man and wife until April 8, 1890, when she died childless. She left a paper purporting to be her last will and testament, and therein nominated John O. Medlock as executor. He propounded the paper for probate in solemn form, and, upon the assumption that P. W. Merritt, as the husband of the testatrix, was her sole heir at law, gave notice to him alone of the proceeding. A judgment was rendered in the court of ordinary, admitting the paper to probate as prayed. After giving certain pecuniary and other specific legacies to different persons, the testatrix left the residue of her estate to P. W. Merritt. Among the assets of this estate was a tract of land, containing ten acres more or less, of which Merritt, with the assent of the executor, took possession, it being arranged between these two that Merritt would supply the executor with the necessary funds for paying off the pecuniary legacies. In this manner Merritt obtained and held possession of the land. Subsequently, certain persons, including W. P. Medlock and Robert Medlock, claiming to be heirs of the deceased Caroline, brought against Merritt a joint action for this land. The theory of the plaintiffs was, that the alleged marriage between P. W. Merritt and Caroline Medlock was null and void, because at the time of the solemnization of the same she was of unsound mind and therefore incapable of contracting a valid marriage. It may here be stated that if P. W. Merritt was not, as the lawful husband of the said Caroline, her only heir, the plaintiffs were her heirs. They further contended that the alleged will was void for want of sufficient mental capacity on the part of the said Caroline to execute a will; and that in no event could the probate of this paper be regarded as binding upon them, for the reason that they had not, as heirs at law of the deceased, been served with any notice of the application for probate.

Merritt's defense was based on the grounds, (1) that his marriage to Caroline Medlock was valid and lawful; (2) that consequently he was her sole heir at law, and the only person entitled to notice of the application for probate; (3) that the

judgment of probate was conclusive; and (4) that he was entitled to the land as the residuary devisee of the testatrix, he having supplied the executor with a sufficient amount of money with which to satisfy and pay off the special legacies under the will.

It was shown at the trial that W. P. Medlock, one of the plaintiffs, had received from the executor the money legacy bequeathed to him, and had given his receipt for the same. The following facts also appeared: Certain money which had been bequeathed to Caroline Medlock by her father, John W. Medlock, was invested in the land now in dispute, and the same was conveyed to Robert Medlock, another of the present plaintiffs, as her trustee. After the paper purporting to be her will had been probated, as above stated, Robert Medlock executed a deed reciting that he was only "a naked trustee" for the said Caroline, and conveying the property now in dispute to P. W. Merritt. This deed, in substance, further recited that the will of Caroline Merritt had been duly admitted to probate in the court of ordinary; that she had devised to Merritt the residue of her estate after the payment of certain legacies; that Merritt had furnished the executor the money wherewith to pay the same; that Merritt was therefore entitled to the property described in the deed, and that accordingly the same was thereby conveyed to him in consideration of the premises aforesaid.

After the evidence had been closed on both sides, the judge directed a verdict for the defendant, and the plaintiffs made a motion for a new trial, to the overruling of which they excepted. The following legal questions are presented for review by this court.

1. Did the plaintiffs, in endeavoring to establish their claim that they were heirs at law of the deceased Caroline, have a right to show that the alleged marriage between herself and Merritt was void, on the ground that, at the time the marriage ceremony was performed, she was insane, and therefore mentally incompetent to contract marriage? In other words, could they show that this alleged marriage was a nullity; that consequently Merritt was not the lawful husband of the deceased;

and that therefore they as her next of kin were, in the absence of a will, entitled to inherit her estate? The court, by its ruling in rejecting an amendment offered to the plaintiffs' declaration, in effect cut the plaintiffs off from making any attack upon the validity of the alleged marriage. This, we think, was erroneous.

In *Bell* v. *Bennett*, 73 *Ga.* 784, this court, after laying down the unquestionable rule that it is essential to the validity of a marriage that the parties should be of sound mind, and that marriages of persons unable to contract are void, distinctly held that where "a claim or defense depends upon the question whether a person was of sound or unsound mind at the time of the marriage, it is not necessary that there should have been a decree of nullification or divorce in the lifetime of such person." That was a case in which an application for a year's support was contested upon the ground that the applicant had never been the wife of the man out of whose estate the year's support was sought, for the reason that he was insane and incapable of contracting marriage at the time the ceremony between himself and the applicant was performed; and this court held that the administrator of the deceased had the right, in this proceeding, to collaterally attack the validity of the alleged marriage.

The ruling thus made is supported by a decision of the Supreme Court of Kentucky in the case of Jenkins *v.* Jenkins, 2 Dana, 103, and also by a decision of the Supreme Court of Kansas in the case of Powell *v.* Powell, 18 Kan. 371. The rule established by these cases is applicable here; and it was therefore the right of the plaintiffs, both by pleading and evidence, to attack as void, on the ground stated, the alleged marriage between Caroline Medlock and P. W. Merritt.

2. The trial judge, in rejecting the amendment to the plaintiffs' petition, also in effect ruled that they were not entitled, on the trial of the present case, to show that the judgment of the court of ordinary, admitting to probate in solemn form the alleged will of the deceased Caroline, was void as to them because no notice had been given them of the application for such probate, but that it was incumbent upon the

plaintiffs to make a direct attack upon this judgment in the court of ordinary and set it aside there, before they could be permitted to question its validity elsewhere. This judgment of probate was binding and conclusive upon all persons who were parties in the court of ordinary. It was not, however, binding upon any person who was not before that court. Our code makes a distinction between probate in common form and probate in solemn form, with respect to the question of conclusiveness. Probate in common form becomes conclusive upon all the parties at interest after the expiration of seven years from the time of the probate, except minor heirs. Civil Code, § 3283. But probate in solemn form is conclusive only upon the parties notified and legatees who are represented in the executor. Ibid. § 3282. It was not, therefore, essential for the plaintiffs in the present case to formally set aside the judgment of probate set up against them as a defense to their action for the land. All they had to do was to show the fact that they had never been served with notice, and this was enough to render that judgment of no validity, so far as they were concerned.

3. The plaintiffs, in our opinion, had a right to attack the marriage, and also to show that neither the alleged will nor the probate thereof was binding upon them, on the ground and for the reason above stated, without amending their petition and specifically setting forth their contentions as to these matters. They brought an action for the land in dispute, and in their petition alleged facts showing a prima facie right to recover. The marriage and the will were set up as matters of defense; and it was therefore their right to attack the same without further pleading. It is manifest, however, that the trial judge was of the opinion that they could neither by pleading nor by proof remove from their path to a recovery the defenses relied on by Merritt. This view of the matter was, in our judgment, erroneous; and we would therefore order a new trial, but for a reason which will now be stated.

4, 5. This, as will have been seen, was a joint action for land by several plaintiffs. There was no prayer in behalf of any one or more of them for a several recovery of any fractional

or undivided interest in the property. It is too well settled to require discussion or the citation of authority, that a joint action by several plaintiffs can not be sustained except by proof showing a joint right of recovery in all of the plaintiffs. It appears conclusively that at least two of the present plaintiffs were not entitled to a recovery. W. P. Medlock received and receipted for his legacy under the will, and is therefore estopped from denying the validity of that instrument; so Merritt's title under the will is a complete bar to any recovery by this plaintiff. Robert Medlock, by his solemn deed, recognized the validity of the will. One of the considerations upon which this deed was based was the fact that Merritt had agreed to advance money for the payment of the pecuniary legacies provided for in this will. It appeared beyond question that Merritt did advance the money with which the legacy to W. P. Medlock was paid off. Under this state of facts, it is plainly manifest that Robert Medlock is estopped from repudiating his own deed, and he therefore is also bound by the judgment admitting the will to probate in solemn form.

It follows that the court was right in directing a verdict for the defendant, for the simple reason that the plaintiffs failed to prove their case as laid. Whether they, or any of them, may hereafter maintain separate actions for the recovery of what they may allege to be their respective interests in the property, is a question not now for decision.

*Judgment affirmed. All the Justices concurring. Little, J., dissented from the propositions of law laid down in the second and third divisions of the decision.*