## LOWERY *et al.* v. POWELL.

Under the provisions of the code, administration upon an alleged unrepresented estate can not be vested in the clerk of the superior court, when the decedent left no estate at all.

Argued October 11, — Decided November 2, 1899.

Petition for administration — appeal. Before Judge Hart. Laurens superior court. January term, 1899.

. *J. H. Martin, John M. Stubbs,* and *B. B. Cheney,* for plaintiffs in error.

*T. L. Griner* and *Anderson, Felder & Davis,* contra.

Little, J. Powell petitioned the ordinary of Laurens county, setting out that there was then pending in the superior court of said county the case of Powell *v.* Cheney, J. M. Lowery senior, et al., and that since the bringing of said suit J. M. Lowery senior has died and that there is no representation on his estate, nor is it likely to be represented, and that the suit can not proceed for want of parties; that it is necessary that an administrator be appointed on the estate of Lowery senior, in order that the suit may proceed. He then prayed that the ordinary should vest the administration of the estate of Lowery in the clerk of the superior court of Laurens county, after the requirements of the law had been complied with. This petition was caveated by the heirs at law of Lowery, on the ground that the deceased left no estate exceeding in value the sum of five hundred dollars. After the usual citation, the ordinary granted the petition and vested the administration of Lowery's estate in W. J. Hightower, clerk of the superior court. An appeal was taken from that decision to the superior court. On the call of the case in the superior court, it was admitted that Lowery senior died intestate in the county of Laurens and left no property, and by consent it was agreed that the presiding judge should

pass on the questions involved and render final judgment in the case. After consideration, the judge affirmed the judgment of the ordinary appointing the clerk of the superior court administrator of the estate of Lowery, and the caveators excepted.

The only question raised is, whether the administration of an unrepresented estate can be vested in the clerk of the superior court when such intestate left no property. It appears that the only object of Powell in having the estate represented was to have the pending suit proceed against the administrator of the intestate. Section 3390 of the Civil Code prescribes that, "If from any cause an estate be unrepresented and not likely to be represented, the ordinary may vest the administration in the clerk of the superior court of the county, or any other person whom he may deem fit and proper—a citation being first published for four weeks, as in other cases; and such clerk, if appointed, shall be compelled to discharge the duties of the office." That section further provides that, "If, however, such estate does not exceed in value the sum allowed by law to the widow and children, no administration shall be necessary, but the ordinary shall, by order, set apart the same to the widow and children." Section 3465 of the Civil Code provides, in relation to setting apart a year's support to the family of decedents, that "if it shall appear upon a just appraisement of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children," etc. So that, taking these two sections of the code in pari materia, it would seem that if an estate which is unrepresented does not exceed in value the sum of five hundred dollars, no administration of that estate shall be necessary, but that the widow and child or children of the decedent (or the child or children, if there be no widow) shall be entitled to have the estate without administration.

The ownership by the decedent of personal property was the foundation of the grant of letters of administration, and the object of appointing an administrator was to use this property in paying debts and then to distribute what remains among those who are entitled to it. Croswell on Executors

and Administrators, § 54.    Formerly, in England, the amount of personal property of which the estate consisted settled the jurisdiction of a particular court to grant administration.    In some of the States, there are statutory provisions that jurisdiction shall not be granted unless the estate of the deceased is of a certain value.    The provision in Maine is, that the estate must amount to twenty dollars, or there must be debts to that amount and real estate enough to pay them.    22 Me. 549. Mr. Croswell in his work on Executors and Administrators says, in § 58, that "it may be considered, perhaps, to be probably the law, that if an application for administration was resisted and conclusive proof offered that there was no estate on which the grant could operate in the State, administration would be refused."    In Grimes v. Talbert, 14 Md. 172, it was ruled that prima facie evidence of personal property belonging to the intestate is all that is necessary for the administration to be granted.    In California it was held that an administrator would not be appointed merely to enter an appearance in a suit to quiet title, there being no property to be administered. Murray's Estate, Myrick's Prob. 208.    In a Connecticut case the question was considered, whether a claim given by statute against a railroad for the negligent killing of the intestate was property in such a sense as to give the probate court jurisdiction to grant administration upon the estate of a non-resident.    The Supreme Court, after investigation, decided to maintain the jurisdiction of the probate court.    36 Conn. 214.    Our statute which authorizes administration to be vested in the clerk of the superior court confines the appointment to cases where *estates* are unrepresented and not likely to be represented.    An estate is defined by Anderson, to be "the quantity of interest which a person has, from absolute ownership down to naked possession," and by Black, in his Law Dictionary, to be "the interest which any one has in lands or in any other subject of property."    Therefore it would seem from the terms of the statute that administration will be vested in the clerk only when the intestate died possessed of some character of property in which, as we understand it, is to be included any claim or right which might thereafter be made productive.    Indeed, such was the

evident intention of the lawmakers, because in the last paragraph of the section it is declared that if such estate does not exceed in value the sum allowed by law to the widow and children, no administration shall be necessary. So that the same authority which gives to the ordinary the power to appoint the clerk administrator of an estate declares that there shall be no administration except where the estate of a decedent is valued at a named sum.

It is said, however, that the case of *Johnston* v. *Tatum*, 20 *Ga.* 775, is authority to support the judgment rendered in the court below, vesting the administration in the clerk. We have examined the original record in that case, and find that there was no question made as to whether the intestate died seised and possessed of an estate, but that it was a ruling made on the application of the ordinary to the judge of the superior court to compel the clerk to take the administration of an unadministered estate, where no person would apply for or accept the same; and the ruling of the court simply was, that the ordinary had the power in a proper case to force such administration on the clerk against his will. Inasmuch as the statute does not require administration to be vested in the clerk except in a case where there is an unrepresented estate, and declares that no administration shall be necessary unless the estate is of a given value, and it was admitted in this case that the intestate left no property of any character, we are constrained to rule that the court below erred in vesting administration. It is claimed that such an action as that which was pending against the intestate at the time of his death survives against his personal representative. Admitting this contention to be sound, it affords no reason against the plain provision of the statute to require administration to be vested in the clerk. It may be that the lawmakers did not take into consideration the desire of a plaintiff to have a judgment against an intestate who left no property. In any event, in following the plain mandate of the code, we can not, as against the admission made, find any authority which authorizes the administration in this case to be vested in the clerk of the superior court; and the judgment of the court below is

*Reversed. All the Justices concurring.*