DAVIS *v.* ALBRITTON.

127  517
129  679
129  683

1. A judgment rendered by a court of ordinary, admitting to probate the copy of a lost will, may be contradicted, in a proper proceeding instituted for that purpose by an heir of the testator, in the court which rendered the same, as to the facts necessary to give the court jurisdiction, on the ground of fraudulent misrepresentation of such facts by the party obtaining the judgment; and if it be shown that the necessary jurisdictional facts did not exist, the judgment will be vacated, notwithstanding it may recite that they did exist.

2. The court erred in directing a verdict for the defendant.

Argued May 30, 1906.—Decided March 1, 1907.

Appeal.  Before Judge Pendleton.  Fulton superior court.  October 31, 1905.

Mrs. Davis, an heir at law of one Carrie May, deceased, filed her petition against Mrs. Albritton, to the May term, 1905, of the court of ordinary of Fulton county, in which she sought to have set aside a judgment, rendered by that court at the February term, 1905, establishing a copy of the will of the said Carrie May, and admitting the same to probate in solemn form.  She sought to have the judgment set aside on the grounds, (1) that the court rendering it was without jurisdiction of the person or property of the deceased, and it was therefore void; (2) that plaintiff was not legally served with notice of the proceedings to probate said will; and (3) fraud in the procurement of the judgment.  The defendant was served with a copy of the petition and rule nisi, and filed her answer thereto. At the trial of the case, on appeal to the superior court, it appeared, from the evidence introduced by the plaintiff, that the testator, at the time of her death, was a resident of Pawtucket, Rhode Island, and that she left no property of any kind within the limits of Fulton county, Georgia.  The court ruled that these questions were concluded by the judgment of the court of ordinary admitting the will to probate, and directed a verdict for the defendant.  The plaintiff excepted.

*Ellis, Wimbish & Ellis,* and *Ellis & Ellis,* for plaintiff.

*Walter McElreath,* for defendant.

BECK, J.  (After stating the facts.)

1. The general rule of law unquestionably is, that when a court of competent jurisdiction has rendered a judgment in relation to any subject-matter within its jurisdiction, the presumption arises

that it had before it sufficient evidence to authorize it to award
such judgment; and said judgment will be conclusive as to the
subject-matter which it purports to decide. But to this general
rule there are acknowledged limitations, growing out of circum-
stances. In the case of *Boyd* v. *Glass, 34 Ga.* 256, it was said:
"If a court have jurisdiction of a question, and acts upon it,
that action, until set aside, is conclusive. But the question of
jurisdiction is always open to investigation, and if upon such in-
vestigation it be found that the court had no jurisdiction of the
person or subject-matter, then all proceedings had are nullities."
And to the same effect is the case of Thompson *v.* Whitman, 18
Wall. 457, where it was said: "Want of jurisdiction may be shown
either as to the subject-matter or the person, or, in proceedings in
rem, as to the thing." See also *McCauley* v. *Hargroves,* 48 *Ga.* 50.
And it has been repeatedly held that a judgment may be set aside,
upon a proper case made, by a decree in chancery, or by a proceed-
ing at law, by petition with rule nisi or process, and service upon
the necessary parties, instituted for that purpose in the court in
which the judgment was rendered. Civil Code, §3987; *Duer* v.
*Thweatt, 39 Ga.* 578, and cases there cited; *Dugan* v. *McGlann,* 60
*Ga.* 353; *Tant* v. *Wigfall,* 65 *Ga.* 412; *Turner* v. *Jordan,* 67 *Ga.*
604; *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640. It appears from
the report in the case of *Stewart* v. *Golden,* 98 *Ga.* 479, that the de-
dendant, Golden, in order to resist an action of complaint for land,
applied to the court of ordinary to set aside the judgment of that
court, rendered at a previous term, appointing one Underwood ad-
ministrator on the estate of Harris, deceased (the validity of a
deed from Underwood, as administrator, under which the plaintiff
was seeking to recover the lands, being dependent upon the validity
of the judgment appointing said Underwood administrator). The
ground alleged by defendant, Golden, for setting aside said judg-
ment was that the court of ordinary of Meriwether county had no
jurisdiction to appoint Underwood administrator on the estate of
Harris; for the reason that Harris did not reside in that county
at the time of his death, had no property there at the time of his
death, and had no bona fide cause of action against anybody resid-
ing there. A rule nisi was issued by the ordinary, calling on the
plaintiff to show cause why the judgment appointing Underwood
administrator should not be set aside, and this rule and a copy of

the petition were served upon the other party, and at a succeeding term of the court of ordinary the judgment appointing Underwood as administrator was set aside and declared void ab initio, on the ground that the court rendering the same had no jurisdiction, for the reasons above stated. This last judgment of the court was attacked, and Chief Justice Simmons, who delivered the opinion, said: "If the facts pleaded by them [the plaintiffs in the petition to set aside the former judgment] were true, there could be no question that the judgment [appointing Underwood administrator] was void; and 'a void judgment is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it.' (Code, §3594.) 'A judgment that is void may be attacked in any court, and by anybody.' (Code, §3828.) We do not see, therefore, why the defendants did not have a right to go into the court that rendered the judgment and have it set aside." In the case of *Jones* v. *Smith,* 120 *Ga.* 644, it was held that where the want of jurisdiction appears on the face of the record, the judgment may be collaterally attacked, and treated as a mere nullity; but where it does not so appear, it can only be attacked directly, in a proceeding instituted for that purpose.

It is distinctly alleged in plaintiff's petition that the deceased was not, at the time of her death, a resident of Fulton county (the jurisdictional fact recited in the order admitting the said will to probate), but was a resident of the State of Rhode Island, and left no property of any kind in said county of Fulton; that the defendant "knew that the said . . deceased was not domiciled in Fulton county, Georgia, at the time of her death, but was a resident of the State of Rhode Island," and at the time said will was offered for probate there was no property of the deceased within the limits of Fulton county; and that the efforts of said defendant to obtain said judgment "amounted to a scheme and device in the nature of a legal fraud upon the honorable ordinary's court of Fulton county." If these allegations be true, the court of ordinary of Fulton county not only had no jurisdiction to render said judgment (Civil Code, §3279), but the rendition of the same was the result of a fraud perpetrated upon that court by a false representation that the deceased was a resident of Fulton county at the time of her death (*Louisville & Nashville R. Co.* v. *Chaffin,* 84 *Ga.* 519); and a court of equity would have jurisdiction to set aside said judgment on the

ground of fraud in obtaining the same. *Wallace v. Walker*, 37 *Ga.* 265; *Langmade v. Hamilton*, 89 *Ga.* 441; *Jones v. Smith*, 120 *Ga.* 642. Was plaintiff entitled to have it set aside in the same court that rendered it? The question was answered in *Stewart v. Golden*, supra. If, as alleged and sought to be proved, a fraud was perpetrated by knowingly and falsely pretending that the decedent resided in Fulton county, the fact that citation was published would not prevent the plaintiff, who had no knowledge of the proceeding, from moving in due time, in the court where the judgment was rendered, to have it set aside.

2. Evidence having been introduced by the plaintiff which would authorize a jury to find a verdict in her favor, the court erred in directing a verdict for the defendant.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*