## POWER *v.* GREEN.

1. A resident of DeKalb county in this State was adjudicated a bankrupt, and the receiver of the bankruptcy court took charge of his property, including a policy of life insurance payable to the bankrupt's executors and administrators, disposed of the property, and carried the insurance policy into another county, where he retained it until after the death of the bankrupt (who in the meantime had moved into another State), and then collected it. *Held:* (1) As the decedent was a non-resident of the State at the time of his death, had no property in DeKalb county and no bona fide cause of action against any person in DeKalb county, the court of ordinary was without jurisdiction to grant an administration on his estate. (2) It was immaterial whether the policy was a part of the bankrupt's estate, so as to make the receiver's possession lawful, it appearing that the policy was not physically within the limits of DeKalb county after the receiver took charge of it. (3) Letters of administration granted on the representation that the court had jurisdiction will be vacated on a motion made in that court, when it is made to appear that the necessary jurisdictional facts did not exist as was represented to the court at the time administration was granted.

2. The fact that prior to the death of such non-resident decedent he had been sued in attachment in DeKalb county, and had replevied the property levied on by giving bond, did not give jurisdiction to that county to grant letters of administration on his estate.

NOVEMBER 20, 1912.

Appeal. Before Judge Roan. DeKalb superior court. January 6, 1912.

*Alonzo Field* and *J. Z. Foster,* for plaintiff in error.

*Green, Tilson & McKinney,* contra.

EVANS, P. J. This was a proceeding in the court of ordinary of DeKalb county, to set aside a judgment granting letters of administration on the estate of W. S. Martin Jr., on the ground, that at the time the letters were granted Martin was a non-resident of the State, had no property in the county and no bona fide cause of action against any person residing therein; and that the letters of administration were granted upon the representation that Martin left an estate in DeKalb county, which representation was in law a fraud upon the court. On the trial of the case it appeared: that Martin was adjudicated a bankrupt while a resident of DeKalb county; that a receiver was appointed by the bankruptcy court, who took charge of his property, which included a policy of insurance on his life, payable to his executors and administrators; that the receiver disposed of the goods, and carried the policy of life insur-

ance to his office in Atlanta, Fulton county, Georgia.    After his adjudication in bankruptcy Martin removed to the State of Tennessee, where he died.    The policy of insurance was collected by the trustee in bankruptcy, the greater part of which was paid to Martin's widow on a judgment of year's support granted by the ordinary of Fulton county, and the balance was appropriated to the payment of costs by the trustee in bankruptcy.    The policy was removed from DeKalb county to Fulton county by the receiver in the bankruptcy court two or three days after his appointment, and since then had not been in DeKalb county.    The applicant for administration on Martin's estate represented to the court that Martin died seized and possessed of an estate of the alleged value of $1,000, which was located in the county of DeKalb at the time of the application, and that upon the faith of that representation being true letters of administration were granted to the county administrator.    On appeal from the court of ordinary a jury in the superior court returned a verdict setting aside the judgment granting administration, which the court refused to vacate on motion.

1.    Various exceptions are taken to the charge, but all revolve around the proposition as to whether the administration was improperly granted under the foregoing statement of facts.    The decedent was a non-resident of the State, and before administration could be had upon his estate it was necessary that there should be, in the county where administration was granted, property belonging to him, or that some person should be residing therein who was indebted to him.    Civil Code, § 4792.    *Neal* v. *Boykin*, 129 *Ga.* 680 (59 S. E. 912, 121 Am. St. R. 237).    It is conceded that the adjudication in bankruptcy and the subsequent appointment of the trustee for the bankrupt had the effect to divest the bankrupt of all of his property except his interest in the insurance policy, which was taken by the receiver and carried into another county where the receiver resided, and there kept until it was collected as a death claim.    It is unnecessary to decide whether the policy of insurance was an asset of the bankrupt which passed by virtue of the adjudication to the receiver and subsequently to the trustee; for the reason that the policy was actually carried beyond the limits of De-Kalb county during the life of the decedent, and had never since been returned to that county.    Whether the removal was rightful or not, the policy was not property or goods in the county of De-

Kalb. The court of ordinary therefore had no jurisdiction to grant letters of administration on the estate of Martin. The judgment could be attacked in that court by the administrator; and upon it being made to appear that the jurisdictional averment in the petition upon which the court acted was not true, it should be vacated and set aside as being fraudulent in law. *Davis* v. *Albritton,* 127 *Ga.* 517 (56 S. E. 514, 8 L. R. A. (N. S.) 820, 119 Am. St. R. 352).

2. The applicant for letters of administration was a creditor of the decedent. He had sued out an attachment against his debtor before his death. The debtor gave bond and replevied the property; and while that case was pending in DeKalb superior court his debtor died. On the trial of the present case these proceedings were tendered in evidence for the purpose of showing that the court of ordinary of DeKalb county had jurisdiction to grant letters of administration. This evidence was repelled by the court, and properly so. These legal proceedings tended to show a possible liability, but in no sense did they constitute an asset of the decedent which would have the effect to give jurisdiction to the court of ordinary in the grant of administration on the decedent's estate.

In view of the evidence, and the legal principles controlling the case, there was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*