BROWN *et al.* v. GIBSON *et al.*

No. 16010.   JANUARY 9, 1948.

215

*Davis & Friedin* and *Benjamin Zeesman,* for plaintiffs.

*L. L. Woodward, George H. Harris,* and *C. W. Heath,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) ▮ There is no merit in the contention that the deed from L. V. Brown as guardian of Claudius Loam Brown, an imbecile minor son, is void because he was not legally appointed. The relation of guardian and ward exists by operation of law between a father, if alive, and his minor child. Code, § 49-102. And the fact that the minor may be an imbecile presents no exception to this rule. Since the relation of guardian and ward is created by operation

of law between a father and his minor child, upon the ordinary's approval of a bond filed by such natural guardian he becomes fully authorized to represent the estate of his ward, and the bond may, be made in vacation. § 49-114. In this case it appears that the father, on September 29, 1911, filed in the court of ordinary a petition asking that he be appointed guardian of his minor son. On the same day the prayer of his petition was granted; he took oath; filed a bond in an amount and with security which the ordinary approved; and received letters of guardianship. In these circumstances, since the filing of a guardian's bond acceptable to the ordinary was all that the law required, he legally qualified as natural guardian, and having done so was fully authorized to represent the estate of his minor son in that capacity.

■ When the petition for leave to sell the land in controversy was filed in 1912, no guardian ad litem was appointed, and the plaintiffs insist that the guardian's deed is void for that reason. We do not agree with them in their view of the law. By the record it appears that the sale here in question was for purposes other than reinvestment, and section 49-205 of the Code provides that sales of any portion of the ward's property thereunder shall be made under direction of the ordinary, and under the same rules and restrictions as are prescribed for sales by administrators. The Code, § 113-1706, declares, in substance, that before any administrator shall be allowed to sell property of the intestate, he must make application to the ordinary for leave to sell, notice of which application shall be published once a week for four weeks in the gazette in which the county advertisements are published; and if no objection is filed, and the ordinary is satisfied of the truth of the allegations in the petition, an order shall be passed granting the leave to sell, specifying therein the lands as definitely as possible. The publication of this notice of the application is the only notice required by our statute to be given to the heirs at law in cases of sales by administrators, or to wards in cases of sales by guardians, except where the sale is being made by the guardian for the purpose of reinvestment. In *Prine v. Mapp*, 80 *Ga.* 137, 143 (5 S. E. 66), this court, in 1887, held that the appointment of a guardian ad litem was unnecessary in all cases where a guardian applied for leave to sell land belong-

ing to his ward. When that case was decided the law of this State required guardians to make all applications for leave to sell to the ordinary; but since then the act of 1889 (Ga. L. 1888-89, p. 156) has been passed by the legislature, requiring guardians to apply to the judges of the superior courts for leave to sell land for reinvestment, and the amending act of 1890 (Ga. L. 1890-91, p. 229) provides for the appointment of a guardian ad litem in such cases. With this exception the law has not been otherwise changed since the *Prine* case as it relates to the necessity for appointing a guardian ad litem where an application is made by a guardian to sell the land of his ward.

■ It is charged in the petition that the order of October 7, 1912, authorizing the guardian to sell, is void because notice of the application was not published for the four weeks immediately preceding its date in the gazette in which the county advertisements were published. In effect we are asked to vacate and set aside a judgment of a court of general jurisdiction rendered some thirty-five years ago. From the record it affirmatively appears that an order was granted when the application for leave to sell was filed, directing that citation issue and be published as required by law, and in the order granting leave to sell it is recited that such was done. Nothing to the contrary appears upon the face of that proceeding, and this court will presume that the ordinary complied with the law. *Ryals* v. *Wilson*, 152 *Ga.* 757 (111 S. E. 414). The court of ordinary being one of general jurisdiction, its judgments are not subject to collateral attack such as the plaintiffs here make. *Maybin* v. *Knighton*, 67 *Ga.* 103; *Fussell* v. *Dennard*, 118 *Ga.* 270 (45 S. E. 247); *Jones* v. *Smith*, 120 *Ga.* 642 (48 S. E. 134); *Sharpe* v. *Hodges*, 121 *Ga.* 798 (49 S. E. 775); *Medlin* v. *Downing Lumber Co.*, 128 *Ga.* 115 (57 S. E. 232); *Neal* v. *Boykin*, 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237); *Sturtevant* v. *Robinson*, 133 *Ga.* 564 (66 S. E. 890).

■ It is insisted that the order granting leave to sell is void because the guardianship proceedings affirmatively show that the relation of father and minor child existed between the parties, and there was no allegation in the petition for leave to sell that the father was unable to supply him with the necessities of life. The record does not show and there is no way for us to know

what evidence the ordinary heard when he passed upon the application for leave to sell. We find nothing in the record which negatives the allegation that a sale was necessary for the purposes therein stated. The order to sell, being a judgment of a court of competent jurisdiction, imports legally a necessity for the sale, and such judgment can not be attacked and set aside, collaterally. It is not only leave to sell, but it is a judgment of the court that such sale was necessary. *Copelan* v. *Kimbrough*, 149 *Ga.* 683 (102 S. E. 162) ; 15 R. C. L. 879. The ordinary was authorized to order the sale if the circumstances of the ward required it, and we will presume that he did his duty. "The presumptions in favor of the regularity of a judgment increase with the lapse of years. It has been said that almost any reasonable presumption of fact will be conclusively indulged in order to sustain rights asserted under a decree which is twenty years old. To sustain an ancient judgment, time may authorize the presumption of an extraneous fact which the record does not contradict, and which it was not indispensable to the validity of the judgment that the record should exhibit." *Copelan* v. *Kimbrough*, supra.

For the reasons above stated, we hold that the trial judge did not err in sustaining a general demurrer and dismissing the plaintiffs' case.

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*