### 32335. BUSH *v.* RECONSTRUCTION FINANCE CORPORATION.

Decided March 18, 1949. Rehearing denied March 30, 1949.

*Milton C. Grainger, Congdon & Harper,* for plaintiff in error.
*E. G. Jackson, J. H. Highsmith,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is urged in the brief of counsel for the caveatrix that the ordinary was without jurisdiction to enter the decision which was adverse to her and which was appealed to the superior court. The bill of exceptions calls for a judgment of the Court of Ordinary of Appling County, refusing to appoint an administrator, entered March 29, 1947, and also a judgment setting that judgment aside, dated May 23, 1947. No exceptions are taken to either of said judgments; and insofar as the record discloses, the jurisdiction of the court of ordinary is raised in this case for the first time before this court. The judgment dated May 23, 1947, setting aside the judgment dated March 29, 1947, recites that the latter judgment was prematurely entered because of an agreement between counsel for both sides. The record does not disclose what the agreement between counsel was, nor does it disclose whether or not the case had previously been continued by the court and the judgment of March 29 thereafter inadvertently entered before the date of the arrival of the time when it was to be heard. Be this as it may, the court of ordinary in this State is the court having jurisdiction over the appointment of administrators of unrepresented estates; and where the record is silent, it is to be presumed that every fact necessary to make a judgment valid and binding was before the court at the time of the rendition of such judgment. See *Jones* v. *Smith*, supra. It follows that, the record being silent as to why the judgment of March 29, 1947, was prematurely entered, it must be presumed that the judgment of May 23, 1947, setting it aside, was valid. It must also be presumed, in view of the silence of the record to the contrary, that the court had jurisdiction to enter the judgment of December 6, 1947, the rendition of which is the subject of the exception in the instant case.

■ It appears without dispute that the deceased died intestate and left surviving him a widow eligible to have set aside to her

a year's support out of the estate of the deceased, if any. It appears without dispute that the deceased died seized and possessed of an estate consisting of one share of stock in Bush & Nelson Ice Company, valued at $100. It also appears without dispute that the deceased was liable at the time of his death to the applicant on notes totaling $26,000; and that at the time of his death the applicant had pending against the deceased a suit to set aside certain conveyances of real estate alleged to have been fraudulently made to hinder and delay the applicant as a creditor of the deceased. The fact as to whether or not the deceased died seized and possessed of an estate amounting to more than $500 depends upon whether or not these real estate transfers were fraudulently made to hinder and delay applicant as a creditor. This court is without jurisdiction to decide whether or not the conveyances must be set aside, but must determine whether or not these facts show that such an interest in lands described therein vested in the estate of the deceased as to authorize the appointment of an administrator.

Assuming that the rule as laid down in *Lowery* v. *Powell*, 109 *Ga.* 192 (supra), to the effect that the appointment of an administrator is unnecessary where the estate consists of property valued at $500 or less, applies to this case, the decision herein must turn on the question of whether or not the estate in the instant case consists of property of greater value than said sum. The Supreme Court in *Lowery* v. *Powell*, supra, quoted the definition of an estate, as given in Black's Law Dictionary, to be "the interest which any one has in lands or in any other subject of property." At the bottom of page 194, the court proceeded to analyze this definition as follows: "Therefore it would seem from the terms of the statute that administration will be vested in the clerk only when the intestate died possessed of some character of property in which, as we understand it, is to be included any claim or right which might thereafter be made productive." It follows that the estate of the deceased has such an interest in the real property described in the deeds sought to be set aside as to authorize the appointment of an administrator.

Counsel for the caveatrix rely on *Lowery* v. *Powell*, supra, *Guerry* v. *Pullen*, 112 *Ga.* 314 (37 S. E. 391) ; *Patillo* v. *Barksdale*, 22 *Ga.* 356, *Neal* v. *Boykin*, 132 *Ga.* 400 (64 S. E. 480), and

*Power* v. *Green,* 139 *Ga.* 64 (76 S. E. 567), for their position that the appointment of an administrator in the instant case is contrary to law. The Supreme Court in *Lowery* v. *Powell,* supra, states that "The only question raised is, whether the administration of an unrepresented estate can be vested in the clerk of the superior court when such such intestate left no property." Also. in construing in pari materia Code §§ 113-1306 and 113-1002, it was held as follows: "Inasmuch as the statute does not require administration to be vested in the clerk except in a case where there is an unrepresented estate, and declares that no administration shall be necessary unless the estate is of a given value, and it was admitted in this case that the intestate left no property of any character, we are constrained to rule that the court below erred in vesting administration. It is claimed that such an action as that which was pending against the intestate at the time of his death survives against his personal representative. Admitting this contention to be sound, it affords no reason against the plain provision of the statute to require administration to be vested in the clerk. It may be that the lawmakers did not take into consideration the desire of a plaintiff to have a judgment against an intestate who left no property." Thus it may be seen that in the *Lowery* case the intestate left no property.

We have examined the original record in *Guerry* v. *Pullen,* supra, and find nothing therein to indicate that the original premiums were payable to the insured even had the policy been cancelled. The court there held that, "Where it appeared that the decedent was not, at the time of his death, possessed of any property . . the contingency of cancelling the policy, which was not payable to the decedent or to his estate was not such an estate as would authorize the court to appoint the clerk administrator over the objection of the wife and children of the deceased."

In *Patillo* v. *Barksdale,* supra, it was held that the ordinary had no jurisdiction to appoint an administrator, as the deceased had been a non-resident of this State and left no assets in the county where the application was made.

In *Neal* v. *Boykin,* supra, it was held that the court of ordinary of a county of this State had jurisdiction to grant letters of administration on the estate of a non-resident at the time of his death, who left no property in any county of this State, where

personal property was subsequently brought into a county of this State in good faith and without the intention of conferring improperly a colorable probate jurisdiction.

In *Power* v. *Green*, supra, it was held that, since the decedent was a non-resident of this State at the time of his death, had no property in DeKalb County and no bona fide cause of action against any person in DeKalb County, the Court of Ordinary of DeKalb County was without jurisdiction to grant an administration on his estate.

It follows that none of the cases relied upon by counsel for the caveatrix affords authority for a reversal of the judgment in the instant case.

■ On the other hand, it seems to us that the policy of our law should be to assist creditors in reaching the assets of debtors and in determining whether or not such assets exist. Section 28-103 of our Code, although dealing with equity, states what we conceive to be this policy. "Courts of equity shall assist creditors in reaching equitable assets in every case where to refuse interference would jeopardize the collection of their debts." We feel that this rule should also be applied to courts of law insofar as the same may be done without doing violence to any established legal principles.

The judgment of the superior court, providing for the appointment of the caveatrix as administratrix of the estate of her deceased husband in the instant case, is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*