### 33896. HALL *v.* FIRST NATIONAL BANK OF ATLANTA.

FELTON, J. 1. An executor is a proper party to object to the allowance of a year's support. *Dorsey* v. *Georgia Railroad Bank &c. Co.,* 82 *Ga. App.* 237 (60 S. E. 2d, 828).

2. Whether or not it would be an abuse of discretion for the ordinary, or the superior court on appeal from the court of ordinary, to vacate a judgment allowing a year's support at the term at which it is rendered, when the petition to vacate the order alleges no reason why objections were not filed before the court acted on the petition for a year's support (*Foster* v. *Turnbull,* 126 *Ga.* 654, 55 S. E. 925), such a court would have jurisdiction and power on motion to set aside such a judgment for fraud. *Power* v. *Green,* 139 *Ga.* 64 (76 S. E. 567); *Davis* v. *Albritton,* 127 *Ga.* 517 (56 S. E. 514); *Walker* v. *Hall,* 176 *Ga.* 12 (166 S. E. 757, 759); *Gormley* v. *Watson,* 48 *Ga. App.* 46 (171 S. E. 880).

3. An appeal to the superior court is a de novo investigation. Code, § 6-501. Such a case must be tried anew as if no trial had been had. *Moody* v. *Moody,* 29 *Ga.* 519; *Hill* v. *Hill,* 55 *Ga. App.* 500, 501 (190 S. E. 411); *Roe* v. *Pitts,* 82 *Ga. App.* 770, 772 (62 S. E. 2d, 387); *Bowman* v. *Bowman,* 79 *Ga. App.* 240, 242 (53 S. E. 2d, 244). It is not the province of the superior court on such an appeal to review and affirm or reverse the rulings of the ordinary, but to try the issues anew and pass original judgments on the questions involved as if there had been no previous trial. Accordingly, the judge of the superior court erred in this case in not passing upon the demurrer and objections to the petition to set aside the judgment allowing the year's support. If the judge should overrule such demurrer and objections, it would be his duty to try the issues made by such petition and defensive pleadings according to the law in such cases made and provided.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*
DECIDED FEBRUARY 28, 1952.

*Lucian J. Endicott,* for plaintiff.

*Spalding, Sibley, Troutman & Kelley, James M. Sibley, James A. Branch Jr., W. K. Meadow,* for defendant.

Mrs. Nellie Goins Hall applied for a year's support, service on which was acknowledged by First National Bank of Atlanta as executor of the applicant's husband. No objections were filed to the return of the appraisers up to the first day of the June term of the Fulton County Court of Ordinary, and the ordinary on that day, June 4, 1951, rendered a judgment allowing the return and the same was recorded. On June 25, 1951, during the said June term of said court, the executor filed a petition seeking to have the judgment allowing the year's support

and ordering the return recorded set aside, so that it could file a caveat to the return. This petition alleged no reason why a caveat had not been filed sooner. On June 28, 1951, the executor amended the petition to set aside said judgment and filed a caveat to the return of the appraisers. The petition to set aside the judgment allowing the year's support, as amended, alleged that the return was excessive, and that the judgment giving a year's support was obtained by a false allegation in the application, to the effect that the petitioner was entitled to a year's support, in that the petitioner and her husband entered into an agreement under which the petitioner accepted certain payments to her as a complete settlement of temporary and permanent alimony. Mrs. Hall filed a motion to dismiss the petition to set aside the judgment allowing the year's support, and a general demurrer thereto. The ordinary overruled the motion and the general demurrer and rendered a judgment vacating the judgment allowing the year's support. Mrs. Hall entered her appeal to the Superior Court of Fulton County. After a hearing a judge of the Superior Court of Fulton County rendered the following judgment: "In this case, Nellie Goins Hall, widow of James Oscar Hall, brought an appeal from the Court of Ordinary to the Superior Court of Fulton County in which she stated that she was dissatisfied with the judgment and order of the Ordinary of Fulton County entered June 28, 1951, which was adverse to her in that it revoked and vacated the order and judgment of said court entered on June 4, 1951. It is contended by said appellant that this court should vacate and set aside the judgment passed by the ordinary in revoking and vacating the orders which had been passed by him. This court is of the opinion that the court of ordinary, as a court of record, has control over its orders and judgments during the term in which they are made and in the exercise of sound discretion, may revise or vacate the same. This court will not hold, as a matter of law, that the ordinary abused his discretion in vacating and setting aside this judgment during the term in which said judgments were rendered. Therefore, it is ordered and adjudged that the appeal of Mrs. Nellie Goins Hall is overruled and the case is remanded to the court of ordinary for further disposition." Mrs. Hall excepts to this judgment.