### 34721. HODGES *v.* COUSINS *et al.*

CARLISLE, J. The holder of a bill of sale to secure the purchase price of a certain automobile foreclosed on the automobile under the provisions of Code § 67-701, and filed a petition to the ordinary of the county to sell the automobile under the provisions of Code §§ 39-1203 and 39-1204, on the grounds that the automobile was in the hands of the sheriff under the foreclosure, the defendant had failed to replevy it, it was liable to deteriorate from keeping, and there was expense attending its keeping, and alleged that the requisite two-day notice of intention to apply for the order to sell had been given to the defendant in fi. fa., and that the judge of the superior court was outside the limits of the county. The ordinary entered the following order thereon: "The foregoing application being presented and the allegations therein contained appearing to be true and no sufficient cause being shown to the contrary, it is therefore ordered that the prayers of said application be and same are hereby granted; said property to be sold as provided in said sections of said code, this 19th day of August, 1952." The sheriff

of the county, on August 19, 1952, advertised that the automobile would be sold on August 29, 1952, at public outcry before the courthouse door to the highest bidder between the legal hours of sale. On August 29, 1952, pursuant to the judgment of the ordinary and his advertisement, the sheriff sold the automobile to a bona fide purchaser. The defendant in fi. fa. thereupon brought an action of trover against such purchaser to recover the automobile, and upon the trial attempted, among other things, to show that the sale was void for the plaintiff in fi. fa.'s failure to give him the requisite two-day notice of intention to apply for an order to sell under the provisions of Code §§ 39-1203 and 39-1204. The trial court nonsuited the defendant in fi. fa., and he has excepted.

1. While it appeared from the evidence that the defendant in fi. fa. had notice of an intention to apply to the judge of the superior court for an order to sell the property under the provisions of Code §§ 39-1203 and 39-1204, but did not, in fact, have notice of such intention to apply to the ordinary of the county—the judgment of the ordinary ordering the sale recites in effect that the notice had been given, and whether or not the defendant in fi. fa. should or should not have had a notice of intention to apply to the ordinary after he had notice of intention to apply to the judge of the superior court and the judge of the superior court was outside the limits of the county, and whether or not he did or did not in fact have such notice of intention to apply to the ordinary, the ordinary's judgment, until set aside or reversed, is conclusive that he did have notice. Code § 110-501; *McCall* v. *Kliros,* 76 *Ga. App.* 89 (45 S. E. 2d 72).

2. While a sale of property under the provisions of Code §§ 39-1203 and 39-1204 would be void if the judgment ordering the sale were void, and such a judgment is void where it is not affirmatively made to appear that the requisite two-day notice had been given, or legally waived, (*Kirkland* v. *Gaskins, Paulk & Co.,* 20 *Ga. App.* 235, 92 S. E. 965; *Garnett-Carter Co.* v. *McLendon,* 18 *Ga. App.* 666 (2), 90 S. E. 360), the judgment ordering the sale in the present case does not show upon its face that it is void, but rather shows that it is apparently valid.

3. While a void judgment may be attacked in any court at any time by any person (Code § 110-701), a judgment which is apparently regular and legal upon its face may not, after the time for excepting thereto, be attacked collaterally, except in equity for fraud, but a proper proceeding attacking such judgment must be instituted in the court rendering such judgment. *Dixon, Mitchell & Co.* v. *Baxter & Co.,* 106 *Ga.* 180 (1) (32 S. E. 24); *Schulze* v. *Schulze,* 149 *Ga.* 532 (1) (101 S. E. 183); *Payne* v. *McCrary,* 187 *Ga.* 573 (1 S. E. 2d 742).

4. The mere failure of the sheriff to advertise the sale for the requisite full ten days under the provisions of Code § 39-1204 would not of itself render the sale void. "The provisions of law governing the advertisement of the property for a particular time or in a particular way are merely directory to the sheriff, and any such neglect on his part may subject him to a suit for damages at the instance of the party injured, but does not affect the title of the purchaser unless there was actual fault on the purchaser's part, such as collusion between him and the sheriff. *Brooks*

v. *Rooney*, 11 *Ga.* 423 (56 Am. D. 430); Civil Code (1910) § 6059 [Code § 39-1311]; *Hendrick* v. *Davis*, 27 *Ga.* 167 (73 Am. D. 726); *Solomon* v. *Peters*, 37 *Ga.* 251, 256 (92 Am. D. 69); *Wallace* v. *Trustees*, 52 *Ga.* 165, 166; *Jeffries* v. *Bartlett*, 75 *Ga.* 230; *Conley* v. *Redwine*, 109 *Ga.* 640, 644 (35 S. E. 92, 77 Am. St. R. 398)." *Marshall* v. *Armour Fertilizer Works*, 24 *Ga.* App. 402 (100 S. E. 766). While it appeared from the evidence that the sheriff advertised the property on August 19, 1952, and sold it on August 29, 1952, this failure to advertise the property for ten full days did not void the sale.

5. The fact that the affidavit to foreclose the bill of sale recites: "Before me Charles L. Looney, the undersigned, an officer of this State authorized to administer oaths, personally came *Barry Wright, Jr., Attorney at Law for Universal Coach Sales, Inc., who on oath says that he is the holder of an instrument* to which this affidavit is attached; that Hugh Hodges, *the maker of the instrument . . . is indebted to the deponent on said instrument in the sum of . . .* " etc., and is signed "Barry Wright, Jr., Attorney at Law for Universal Coach Sales, Inc.", and the execution is issued in favor of Universal Coaches Sales, Inc., did not void the sale. The affidavit for execution was amendable, and there being no counter-affidavit to the foreclosure, the execution became final process, and the sale thereunder was conclusive upon the parties (*Hardy* v. *Luke*, 18 *Ga. App.* 423, 89 S. E. 540; *Thompson* v. *Jacobs*, 8 *Ga. App.* 499, 69 S. E. 921), and cannot be collaterally attacked in an action of trover brought by the defendant in fi. fa. against a bona fide purchaser at the sale for defects, which were amendable in the affidavit for execution.

6. Whether or not the defendant in fi. fa. did, between the time of the execution and the sale, make payment in full of the amount due on the automobile sold, he may not, in an action of trover against a bona fide purchaser, set up as a ground for recovery of the automobile what would have been a defense to the execution and sale which he allowed to proceed without resistance. *Cummings* v. *Attaway*, 58 *Ga. App.* 612 (199 S. E. 592).

7. Where facts as indicated above were introduced by the defendant in fi. fa. in his trover action as forming the basis for the recovery of the automobile from the bona fide purchaser—none of which are sufficient to show a right of possession in the defendant in fi. fa.—the trial court did not err in awarding a nonsuit against him, as plaintiff in the trover proceeding.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 14, 1953—REHEARING DENIED JULY 27, 1953.

*Parker, Clary & Kent, Maddox & Maddox,* for plaintiff in error.

*Fullbright & Duffey,* contra.