37630. STRICKLAND *v.* STRICKLAND.

DECIDED APRIL 23, 1959—REHEARING DENIED MAY 12, 1959.

*Robert S. Dennis, W. E. Watkins, Benjamin B. Garland,* for plaintiff in error.

*Ernest M. Smith, Ray M. Tucker, W. M. Redman,* contra.

NICHOLS, Judge. ■ On the trial of the issue in the Superior Court of Butts County, on appeal from the court of ordinary, there was evidence introduced that the deceased obtained a divorce from the contestant in Nevada. A certified record of the proceeding was introduced in evidence, as was a certified copy of a proceeding in the Court of Ordinary of Fulton County, Georgia, where *all* of the estate of the deceased had been set aside to the contestant as a year's support. The return of the appraisers in such year's support proceeding read in part as

follows: "We set apart and assign for the support and maintenance of Mrs. Lilla F. Strickland widow for twelve months from the date of his death, the following property: . . . also, any and all assets of the estate, of whatever kind and wherever located, it being the intention of the appraisers to set aside all of the assets of the estate for the use of the widow."

The applicant contends that the "divorce decree" introduced in evidence showed without dispute that the contestant, to whom the year's support had been awarded, was not the widow of the deceased, that therefore the "year's support" was void, that it could be attacked in any court, and that the direction of the verdict was proper.

The award of the year's support was regular on the face of the record. Therefore, it could not be collaterally attacked. *Beavers* v. *Williams,* 194 *Ga.* 875 (23 S. E. 2d 171); *Brown* v. *Gibson,* 203 *Ga.* 213 (46 S. E. 2d 68); *Brownlee* v. *Brownlee,* 203 *Ga.* 377 (46 S. E. 2d 901). Though it could be attacked in a court of equity for fraud (*Hamilton* v. *Bell,* 161 *Ga.* 739, 132 S. E. 83; *Hodges* v. *Cousins,* 88 *Ga. App.* 645, 77 S. E. 2d 83), if the contestant here was not actually the widow of the deceased, or the validity of the marriage could have been attacked in the court of ordinary when the application for a year's support was made. See *Medlock* v. *Merritt,* 102 *Ga.* 212 (29 S. E. 185). The applicant contends that the issue was tried in the Superior Court of Butts County, a court having equitable jurisdiction, and that therefore the year's support judgment, which he contends was void in view of the divorce decree, could be attacked in the present litigation. "In the trial of the case on appeal the jurisdiction of the superior court was not broader than the jurisdiction of the court of ordinary. *Maloy* v. *Maloy,* 134 *Ga.* 432 (2) (68 S. E. 80)." *Dillon* v. *Sills,* 181 *Ga.* 582 (183 S. E. 563); *Griffin* v. *Securities Investment Co.,* 181 *Ga.* 455 (182 S. E. 594). Therefore, until and unless the award of all the estate as a year's support is properly set aside there is no estate to be administered, for, "Where property is set apart as a year's support for the benefit of the widow alone, she shall thereafter own the same in fee, without restriction as to use, incumbrance, or disposition." Ga. L. 1937, p. 861 (Code, Ann., § 113-1023).

It has several times been held that, where a person dies without leaving an estate, no administrator should be appointed. See *Lowery* v. *Powell*, 109 *Ga.* 192 (34 S. E. 296), where it was held that no administrator should be appointed where, under statute, all the estate should be set aside as a year's support. In the case of *Bush* v. *Reconstruction Finance Corp.*, 79 *Ga. App.* 25 (52 S. E. 2d 515), there was an issue made as to the amount of the estate.

In the case sub judice the entire estate was set apart as a year's support and no appeal taken from such judgment, nor was any valid attack made on such judgment; therefore there was no estate to be administered. "An estate is necessary to authorize the appointment of an administrator." Redfearn, Wills and Administration of Estates, page 399, § 232. There being no estate to be administered after the year's support had been set apart, the direction of the verdict to find for the applicant was error, since a verdict was demanded, under the evidence, that no administrator be appointed.

■ The other grounds of the amended motion for new trial being neither argued nor expressly insisted upon are treated as abandoned.

*Judgment reversed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment for the reason that the record does not show a necessity for administration in that it does not show that there were debts of the estate to be paid or that administration was necessary for distribution to be made to the heirs at law.

I think that the record sufficiently shows that there is an estate. It shows that the deceased owned property in Georgia at the time of his death and that the entire estate was set apart as a year's support to one who had been divorced from the deceased. If there had been a necessity for administration, the law would require that the administrator of the deceased's estate institute proceedings to recover the property set aside as a year's support.