## 73427. SMITH v. WATTS.
(352 SE2d 840)

CARLEY, Judge.

Mr. Richard Smith died intestate. In the purported capacity of the widow of Mr. Smith, appellant filed a petition in the Probate Court of Clayton County seeking the grant of permanent letters of administration. With regard to Mr. Smith's "estate," appellant's petition stated it was comprised of no real property and no personal property. Appellee, who is Mr. Smith's mother, had previously been granted temporary letters of administration and she filed a caveat to appellant's petition. The caveat stated that appellant's marriage to Mr. Smith had ended in divorce prior to his death and that appellee and Mr. Smith's father were his rightful heirs. However, appellee's caveat did not seek the grant of permanent letters of administration to her, only that they be denied to appellant.

The probate court conducted a hearing and subsequently entered an order which sustained appellees' caveat on the basis that appellant had not been legally married to Mr. Smith at the time of his death. Accordingly, the probate court denied appellant's petition and "reaffirmed" the temporary letters previously granted to appellee. Appellant appealed to the superior court for a de novo review. On the day that the appeal came on for trial, appellant and appellee agreed to several stipulations of fact. Among the stipulations was that Mr. Smith "had no property, real or personal, and was neither a debtor

nor a creditor." After the stipulations had been reached, appellee moved, in effect, for a directed verdict sustaining her caveat to appellant's petition. The basis for appellee's motion was that Mr. Smith had no estate to administer. The superior court ruled that the appointment of a permanent administrator of a "nonexistent estate" was "a useless act" and, accordingly, entered an order which denied appellant's petition. Appellant appeals from this order of the superior court sustaining appellee's caveat and denying the grant of permanent letters of administration.

"An appeal to the superior court is a de novo investigation. [Cit.] Such a case must be tried anew as if no trial had been had. [Cits.] It is not the province of the superior court on such an appeal to review and affirm or reverse the rulings of the [probate court], but to try the issues anew and pass original judgments on the questions involved as if there had been no previous trial." *Hall v. First Nat. Bank*, 85 Ga. App. 498 (3) (69 SE2d 679) (1952). "[O]n such de novo investigation in the superior court, any issue may be made that could have been made before the original tribunal. [Cit.]" *City of Griffin v. Southeastern Textile Co.*, 79 Ga. App. 420, 427 (3) (53 SE2d 921) (1949). Accordingly, the only issue for resolution in the instant case is whether, under the stipulated facts, the superior court was authorized to sustain appellee's caveat and to deny appellant's petition for permanent letters of administration.

"It has several times been held that, where a person dies without leaving an estate, no administrator should be appointed. . . . In the case sub judice . . . there was no estate to be administered. 'An estate is necessary to authorize the appointment of an administrator.' [Cit.] There being no estate to be administered . . . a verdict was demanded, under the evidence, that no administrator be appointed." *Strickland v. Strickland*, 99 Ga. App. 531, 533 (1) (109 SE2d 289) (1959). It would necessarily follow that, pursuant to the stipulation that Mr. Smith had no estate, the superior court did not err in denying appellant's petition for permanent letters of administration. Appellant's only contention to the contrary is that it was error to deny her petition "while leaving untouched" the issue of appellee's temporary letters of administration. However, the probate court's "reaffirmance" of its previous grant of temporary letters to appellee was not an issue on the appeal to the superior court. See OCGA §§ 53-6-34 (b); 5-3-2 (a). There was no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1987.

*Paul S. Weiner, Philip L. Ruppert*, for appellant.

*John R. Hesmer, Tommy T. Holland, Edward T. M. Garland,* for appellee.