33132.   HARRIS, administrator, *v.* BIRNBAUM *et al.*

DECIDED NOVEMBER 18, 1950.

*Charles W. Bergman,* for plaintiff.

*Grant, Wiggins, Grizzard & Smith,* for defendants.

MacIntyre, P. J. ■ The grounds of the special demurrers were not argued and are not generally insisted upon in the brief for the administrator and will not be considered. Code, § 6-1308.

■ The sole question for determination by this court is whether the petition, which seeks to have the judgment of the court of ordinary, granting the administrator cum testamento annexo his letters of dismissal, set aside on the ground of fraud, is subject to general demurrer.

From the allegations of the petition it appears that on March 3, 1949, just two days prior to the defendant's filing of his application for discharge as administrator cum testamento annexo, on March 5, 1949, the plaintiffs, all of whom live in New York, learned of the death of Mrs. Weiner and that she had left an estate pending in the Court of Ordinary of Fulton County wherein the defendant had been duly appointed administrator cum testamento annexo. Through their attorney, the plaintiffs notified the defendant by registered mail that they were heirs at law of Mrs. Weiner, and, as such, were entitled to distribution in her estate. The plaintiffs' notification of the defendant was received some time prior to March 9, 1949, and its receipt was twice acknowledged prior to April 4, 1949. The plaintiffs were informed and believed that the defendant received his discharge as administrator cum testamento annexo on April 4, 1949. It appears from the record that the discharge was granted during the April Term, 1949, the earliest term at which it would have

been granted in view of the necessity of publishing the citation "once a week for four weeks." Attached to and filed with the petition, though not referred to therein specifically, is the following letter, which undoubtedly is the notification which was given the administrator by the plaintiffs through their attorney. The letter is addressed to the defendant administrator and dated March 4, 1949: "Dear Sir: You will please be advised that I have been authorized and retained by Betty Birnbaum, Celia Lipschitz, Gerald Abis and Eugene Abis to represent them as interested parties in the estate of Dora Weiner, deceased. I understand that you are the administrator of Dora Weiner's estate, having been appointed by the Fulton County Court of Ordinary in April of 1946. Mrs. Birnbaum and Mrs. Lipschitz are daughters of Yudel Rubinstein, deceased, who was a brother of the decedent. Gerald and Eugene Abis are the surviving children of Ida Abis, deceased, who also was a daughter of Yudel Rubinstein. You will please be advised that on behalf of my clients I make demand for payment of their distributive share in said estate and hereby put you on notice that if any distribution had been made or will be made without taking into consideration their relationship to the decedent, we shall hold you accountable therefor. The fact of death of the decedent was learned by my clients just yesterday and we firmly believe that others interested in this estate, although they knew of the existence of my clients and their relationship to the decedent, deliberately withheld such information from the court. I would thank you to notify me at once as to whether you or the court requires formal affidavits or other proof of the relationship; the size of the estate; the status thereof and the extent of any distribution which might have already been made." It is alleged also that at the time of his discharge, the defendant did not inform the court of the existence of the plaintiffs, their relationship to the decedent and their claim made against him prior to his discharge.

"A discharge obtained by the administrator by means of any fraud practiced on the heirs or the ordinary is void [voidable], and may be set aside on motion and proof of the fraud." Code, § 113-2303.

"An administrator occupies a position of the highest trust and

confidence to heirs at law and is required to act in entire good faith in performing the duties of the trust." *Morris* v. *Johnstone,* 172 *Ga.* 598 (158 S. E. 308).

"Where persons sustain toward another a relation of trust and confidence, their silence when they ought to speak, or their failure to disclose what they ought to disclose, is as much a fraud in law as an actual affirmative false representation." *Morris* v. *Johnstone,* supra.

The defendant's petition as administrator cum testamento annexo alleged that "he had fully discharged all his duties as such . . and is now entitled to his discharge from said trust." As against the demurrer, we must accept as true the allegations of the petition that the defendant as administrator cum testamento annexo knew, prior to the date of his discharge, of the existence of the plaintiffs who claimed a distributive share of the estate of Mrs. Weiner as her heirs at law; and, though the plaintiffs, through their attorney, demanded information as to the status of the estate, the defendant did not apprise them or their attorney, nor did they otherwise know, that the defendant's application for discharge as administrator cum testamento annexo was then pending in the court of ordinary. Nor did the administrator, upon the hearing of his application for discharge, inform the court of the existence of the alleged heirs at law and of their claim to a distributive share in the estate. Assuming that the plaintiffs' claim was a valid one, for the purposes of passing upon the ruling on the demurrer, can it be said that the administrator had "fully discharged all his duties"? Or, could his failure to inform the court of the existence of the plaintiffs and of their claim upon the estate have had any other effect than to deceive and impose upon the court of ordinary, and thus fraudulently and improperly to obtain the judgment of dismissal? We think not. *Davis* v. *Albritton,* 127 *Ga.* 517, 520 (56 S. E. 514); *Seagraves* v. *Powell,* 143 *Ga.* 572, 580 (85 S. E. 760). We think, therefore, that the allegations were sufficient, as against general demurrer, to show that the defendant had fraudulently procured his discharge by representing to the court of ordinary that he had fully administered the estate and had discharged all of his duties as administrator; and that the plaintiffs had no knowledge of the pendency of the application for,

or the judgment of, discharge; and the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*